# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

STEVE BULLOCK, in his official
capacity as Governor of Montana;
MONTANA DEPARTMENT OF
NATURAL RESOURCES AND
CONSERVATION,

*Plaintiffs*,

vs.

BUREAU OF LAND
MANAGEMENT; WILLIAM
PENDLEY, in his official capacity as the
person exercising the authority of the
Director of the Bureau of Land
Management; UNITED STATES
DEPARTMENT OF THE
INTERIOR; DAVID BERNHARDT,
in his official capacity as Secretary of the
Department of the Interior,

*Defendants*.

Case No. 20-cv-00062

The Honorable Brian Morris,
Chief Judge

## PLAINTIFFS' SUPPLEMENTAL BRIEF
## REGARDING FURTHER RELIEF

In its order granting the plaintiffs' motion for summary judgment, this Court

directed the parties "to address what acts of Pendley . . . should be set aside under"

the Federal Vacancies Reform Act and the Administrative Procedure Act. SJ Order

at 34 (ECF 25). At this time, the plaintiffs request that the Court set aside the

Lewistown and Missoula resource-management plans, as well as the Miles City

resource-management plan amendment that the Bureau of Land Management

1

approved on November 26, 2019. As explained below, all of these actions are clearly invalid under this Court's order on summary judgment.

Governor Steve Bullock and the Montana Department of Natural Resources and Conservation believe that many other Bureau actions are likely subject to invalidation, because they result from Pendley's unlawful performance of the duties and functions exclusively assigned to the Bureau's Director. At the same time, the plaintiffs lack critical information about Pendley's role in producing these actions, and they are mindful of the limits that Article III imposes on the relief that they can seek. Accordingly, plaintiffs continue to investigate actions that Pendley took during his unlawful 424-day tenure, and reserve the right to seek to set aside any such actions—whether identified through their investigation or disclosed by the federal government.

**1.** This Court held that William Perry Pendley's prior and continued service as acting Director of the Bureau of Land Management violates the Appointments Clause and Federal Vacancies Reform Act. *See* SJ Order at 28–31. "The FVRA renders any action taken in violation of the statute void ab initio." *SW Gen., Inc. v. N.L.R.B.*, 796 F.3d 67, 78 (D.C. Cir. 2015), *aff'd*, 137 S. Ct. 929 (2017). Specifically, as the Court observed, the Act provides that "[a]n action taken by any person" serving as an acting director in violation of the Act's requirements "shall have no force or effect." 5 U.S.C. § 3348(d)(1); *see* SJ Order 20, 32–33. Likewise, actions taken

by an unlawfully appointed official may be "set aside" under the Administrative Procedure Act as "not in accordance with law." 5 U.S.C. § 706(2)(A); *see, e.g.*, *L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1, 34–36 (D.D.C. 2020); *Casa de Md., Inc. v. Wolf*, 2020 WL 5500165, at *16 (D. Md. Sept. 11, 2020).

To trigger the FVRA's relief provisions, the actions at issue must be taken "in the performance of *any function or duty* of [the] vacant office." 5 U.S.C. § 3348(d)(1) (emphasis added). The statute defines a "function or duty" as any function or duty of the vacant office that is established by statute or regulation and is required by such statute or regulation "to be performed by the applicable officer (and only that officer)." *Id.* § 3348(a)(2); *see Cuccinelli*, 442 F. Supp. 3d at 30–34.

Here, as the Court explained, federal regulations give the Bureau's Director— and *only* the Director—the power to review and "render a decision on [any] protest[s]" to a proposed resource-management plan. 43 C.F.R. § 1610.5-2(a)(3); *see* SJ Order at 12–13. Under these regulations, "[t]he decision of the Director shall be the final decision of the Department of the Interior." 43 C.F.R. § 1610.5-2(b). The Director is also responsible for ruling on any appeal filed by a governor during the State consistency review of resource-management plans. *See id.* § 1610.3-2(e). The Director's powers to resolve these protests and appeals are, therefore, "function[s]" and "dut[ies]" exclusively assigned to the Bureau Director. *See* 5 U.S.C. § 3348(d)(1).

There is no dispute that Pendley resolved the protests to the Lewistown and Missoula resource-management plans. *See* SJ Order at 13, 16, 27. Nor can there be any dispute that this step is a necessary precondition for the plans' approval. *See id.* at 12–13; *Or. Nat. Desert Ass'n v. Bureau of Land Mgmt.*, 625 F.3d 1092, 1097 (9th Cir. 2010) ("Once the Director of the BLM has ruled on any protest, the decision is final and the plan may be adopted."). Because Pendley lacked the authority to resolve these protests, the Lewistown and Missoula plans must be set aside.

For the same reasons, this Court should set aside the Miles City Field Office Resource Management Plan Amendment, approved on November 26, 2019. This plan amendment, which the Bureau issued in response to this Court's orders, governs the management of nearly 12 million acres of subsurface mineral estate in eastern Montana. *See, e.g.*, *W. Org. of Res. Councils v. U.S. Bureau of Land Mgmt.*, No. CV 16-21-GF-BMM, 2018 WL 1475470 (D. Mont. Mar. 26, 2018); *W. Org. of Res. Councils v. U.S. Bureau of Land Mgmt.*, No. CV 16-21-GF-BMM, 2018 WL 9986684 (D. Mont. July 31, 2018). As with the Lewistown and Missoula plans, Pendley unlawfully exercised the Director's exclusive power to resolve protests to the Miles City plan amendment. *See* Miles City Field Office, Record of Decision and Approved Resource Management Plan Amendment at 1 (Nov. 2019), https://perma.cc/E8UJ-XZJJ (stating that "[t]he BLM Director addressed all

4

protests"). Consequently, the plan amendment has "no force or effect," and must be set aside. 5 U.S.C. § 3348(d)(1).[1]

**2.** Although the plaintiffs limit their present request to the Montana resource-management plans and plan amendment for which there is unassailable evidence of Pendley's unlawful involvement, the plaintiffs do not intend to suggest that other actions should not be similarly set aside where a proper party can identify and challenge them. Additional duties and functions that fall within the exclusive purview of the Bureau's Director include but are likely not limited to departmental policies, guidelines, regulations, and programs that Pendley directed, approved, and implemented as acting Director.[2]

For example, the Bureau Director has the exclusive authority to administer the Bureau's regulations regarding the exploration, development, and production of oil and gas, coal, and other minerals under the Bureau's leases. *See, e.g.*, 43 C.F.R.

---

[1] The Secretary of the Interior cannot remedy the invalidity of these actions by ratifying the Lewistown and Missoula plans or Miles City plan amendment. "An action that has no force or effect" under the FVRA, like Pendley's approvals of the plans and plan amendment, "may not be ratified." 5 U.S.C. § 3348(d)(2). Nor can the Secretary save these actions by pointing to his "general vesting-and-delegating authority" under the Department of Interior's organic statute. *Cuccinelli*, 442 F. Supp. 3d at 31. As Judge Moss explained, this "implausibl[e] read[ing]" would "negate the enforcement mechanisms Congress included in the FVRA," thereby rendering the statute "meaningless." *Id.* at 32–34.

[2] While performing unlawfully as acting director, Pendley delegated authority to other Bureau officials, which may likewise constitute performance of the Director's duties and functions and, therefore, be similarly invalid.

§§ 3160.0-2, 3590.0-2. During his unlawful tenure, Pendley almost certainly exercised this authority to implement prioritization policies, deferrals, and approvals of oil-and-gas leasing and development decisions within and outside sage-grouse habitat in Montana and other Western States—including actions similar to those that have been struck down by this Court and other courts. *See, e.g.*, *Mont. Wildlife Fed'n v. Bernhardt*, 2020 WL 2615631, at *11–12 (D. Mont. May 22, 2020); *W. Watersheds Project v. Zinke*, 441 F. Supp. 3d 1042, 1082–90 (D. Idaho 2020). The federal defendants must, pursuant to this Court's order, identify the extent to which Pendley has exercised this authority with respect to Montana. Should the plaintiffs identify any specific decision or policy administered by Pendley during his unlawful tenure that constitutes performance of the Director's exclusive functions and duties, they will seek to have them set aside under the Federal Vacancies Reform Act and Administrative Procedure Act.

These are likely not the only examples of Pendley unlawfully exercising the Director's duties and functions. The Bureau of Land Management's Policy Manual describes additional areas for which the Director has "responsibility." *See* U.S. Dep't of Interior, Bureau of Land Mgmt., MS-1601, Land Use Planning (Nov. 22, 2000), https://perma.cc/BH7E-WV4V. According to the manual, the Director "is responsible for: [1] Establishing national strategies, goals and objectives for land use plans consistent with the Federal Land Policy and Management Act (FLPMA) and

the BLM Strategic Plan, as required under the Government Performance and Results Act of 1993"; and "[2] Providing national-level policy guidance and direction for land use planning at several scales, as well as providing for land use plan evaluations." *Id.* § 1601.04(A).

During his tenure, the Bureau has taken a number of actions apart from the Lewistown and Missoula resource-management plans that have had a significant effect on the state of Montana, including proposed updates to oil and gas regulations; nationwide instruction memoranda and agency guidance; agency actions concerning royalty rates for non-energy solid minerals; and reorganization of the Bureau's workforce and offices.  Again, the federal defendants are in the best position—and are obligated under this Court's order—to clarify Pendley's precise role and the actions that he has taken under the improperly delegated authority of the Director. Nevertheless, the plaintiffs are reviewing these actions to determine what role Pendley played in the policy-making process, and plan to request that these actions be set aside should evidence of his involvement be discovered.

Finally, the plaintiffs note that the Department of Interior has made public statements that Pendley "will continue to serve in his leadership role at the Bureau of Land Management." Maritsa Georgiou, *New statement says Pendley will stay in leadership role at BLM*, NBC Montana (Sept. 29, 2020), https://perma.cc/27U3-C9JF. To the extent that Pendley continues to unlawfully exercise the Director's exclusive

functions and duties or otherwise evade the requirements of the Appointment Clause and Federal Vacancies Reform Act, the plaintiffs reserve the right to return to this Court to enforce the Court's previously ordered injunctive relief.

## CONCLUSION

For the foregoing reasons, the Court should set aside the following actions under 5 U.S.C. § 3348(d)(1) and 5 U.S.C. §706(2)(A):

- Notice of Availability of the Record of Decision and Approved Resource Management Plan for the Missoula Field Office, Montana, 85 Fed. Reg. 42738 (Aug. 4, 2020);

- Notice of Availability of the Record of Decision and Approved Resource Management Plan for the Lewistown Field Office, Montana, 85 Fed. Reg. 42739 (Aug. 4, 2020); and

- Notice of Availability of the Record of Decision and Approved Resource Management Plan Amendment for the Miles City Field Office, Montana, 84 Fed. Reg. 66000 (Dec. 2, 2019).

Dated: October 5, 2020                    Respectfully submitted,

                                          */s/ Deepak Gupta*

                                          DEEPAK GUPTA*
                                          JONATHAN E. TAYLOR*
                                          GUPTA WESSLER PLLC
                                          1900 L Street, NW, Suite 312
                                          Washington, DC 20036
                                          (202) 888-1741
                                          *deepak@guptawessler.com*
                                          *jon@guptawessler.com*

                                          NEIL K. SAWHNEY*
                                          GUPTA WESSLER PLLC
                                          100 Pine Street, Suite 1250
                                          San Francisco, CA 94111

(415) 573-0336
*neil@guptawessler.com*

RAPHAEL GRAYBILL
Chief Legal Counsel
RYLEE SOMMERS-FLANAGAN
Deputy Legal Counsel
Office of the Governor
PO Box 200801
Helena, MT 59620-0801
Phone: (406) 444-3179

**\*** *pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

This supplemental brief regarding further relief complies with this Court's September 25, 2020 order because it contains 1,705 words. This brief also complies with Local Rule 1.5 because this brief has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Baskerville font.

*/s/ Deepak Gupta*
Deepak Gupta

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2020, I electronically filed this supplemental brief regarding further relief through this Court's CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Deepak Gupta*
Deepak Gupta