Melissa Hornbein
Shiloh S. Hernandez
Western Environmental Law Center
103 Reeder's Alley
Helena, Montana 59601
(406) 204-4861
hernandez@westernlaw.org
hornbein@westernlaw.org

*Attorneys for Amici Curiae*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEVE BULLOCK et al., | 4:20-CV-00062-BMM |
| Plaintiffs, | |
| vs. | |
| UNITED STATES BUREAU OF LAND MANAGEMENT, et al. | **MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE** |
| Defendants. | |

Pursuant to Local Civil Rule 7.5, Center for Biological Diversity, Western Environmental Law Center, Western Watersheds Project, and WildEarth Guardians (collectively, "Conservation Groups") respectfully move for permission to file a brief as amici curiae to support Plaintiffs' remedy brief in response to this Court's September 25, 2020 Order. Dkt. 25. Counsel for Conservation Groups have conferred with counsel for Plaintiffs, who have indicated that they do not oppose this motion. Counsel for Conservation Groups have contacted Defendants' counsel to ascertain Defendants' position, but at the time of filing have received no response. This Motion is timely filed within the 10-day period the Court gave the Parties to file briefs addressing what acts of William Perry Pendley should be set aside consistent with the Court's decision. *Id*. at 34.  Further, Conservation Groups are prepared to file their brief immediately should the Court grant this motion.

## Movants' Identities and Interests

Conservation Groups wish to provide this Court with information regarding "what acts of Pendley, including but not limited to the Lewiston RMP and the Missoula RMP, should be set aside under 5 U.S.C. § 3348(d)(1) and 5 U.S.C. § 706(2)(A)" as the Court requested of the Parties in this case. Dkt. 25 at 34.  As noted by Plaintiffs, while they "believe that many other Bureau actions are likely subject to

Invalidation" aside from the Montana Resource Management Plans ("RMPs") and RMP amendment specified in their brief, "they lack critical information about Pendley's role in producing these [other] actions." Dkt. 26 at 2. Conservation Groups are uniquely positioned to provide this information on a range of such projects throughout the West and beyond. As described below, Conservation Groups regularly engage administratively and through litigation with Bureau of Land Management ("BLM") planning decisions in Alaska, Arizona, California, Colorado, Idaho, Montana, Nevada, New Mexico, Ohio, Oklahoma, Oregon, Texas, Utah, Washington and Wyoming. Examples of such projects include the Ring of Fire RMP in Alaska, the Sonoran Desert National Monument Grazing RMP Amendment in Arizona, the Bakersfield RMP in California, the Uncompahgre RMP in Colorado, the Grand Staircase-Escalante National Monument Management Plan in Utah, and the Moneta Divide RMP Amendments in Wyoming. Should the Court grant this Motion, Conservation Groups are prepared to provide a list of such actions in accordance with this Court's September 25 Order (Dkt. 25).

The **Center for Biological Diversity** ("Center") is a non-profit environmental organization with over 1.7 million members, activists and supporters, dedicated to the protection of native species and their habitats through science, policy, and environmental law. The Center also works to reduce

greenhouse gas emissions to protect biological diversity, our environment, and public health. The Center has over one million members, activists and supporters worldwide, including those living all over the country who have visited public lands for recreational, scientific, educational, and other pursuits and intend to continue to do so in the future. The Center has worked on oil and gas planning, leasing and development decisions across the country, ensuring that federal agencies analyze the severe and dangerous impacts of oil and gas extraction on native, imperiled, and sensitive species and their habitats, the climate, environment and on public health.  The Center has actively engaged in commenting on, protesting, and litigating the BLM's planning activities on public lands in Alaska, Arizona, California, Colorado, Idaho, Montana, New Mexico, Nevada, Ohio, Oklahoma, Texas, Utah and Wyoming.  The Center actively engages in the BLM's administrative processes for federal fossil fuel activity from beginning to end and has a keen interest in ensuring that the decisions of the BLM, which the Center is involved in, were properly executed by a valid and legitimate BLM Director.

The **Western Environmental Law Center** ("WELC") uses the power of the law to defend and protect the American West's treasured landscapes, iconic wildlife and rural communities. WELC combines legal skills with sound conservation biology and environmental science to address major environmental issues in the West in the most strategic and effective manner. WELC integrates

national policies and regional perspective with the local knowledge of our 100+ partner groups to implement smart and appropriate place-based actions. WELC works at the nexus of public lands and fossil fuel exploitation, and consistently engages the BLM in decisions on the planning, leasing, and development of coal, oil and gas resources on public lands. WELC actively participates on behalf of our clients and in our own name in comments, protests, and litigation of BLM decisions on public lands in Arizona, California, Colorado, Idaho, Montana, Nevada, New Mexico, Oregon, Utah, Washington, and Wyoming. In particular, WELC has participated and has an ongoing interest in Resource Management Plans in many of these states, and the effects of BLM's management on water resources, air quality, species and their habitat, public health, and the climate crisis.

**Western Watersheds Project** ("WWP") is a is a nonprofit conservation organization founded in 1993, with more than 12,000 members and supporters, and has staff and field offices in Idaho, Montana, Wyoming, Arizona, Utah, Nevada, Oregon, and California. WWP works throughout the West, including in Montana, Idaho, Nevada, Colorado, Arizona, and Wyoming, to influence and improve public lands management, with a primary focus on the negative impacts of livestock grazing on 250 million acres of western public lands, including harm to ecological, biological, cultural, historic, archeological, scenic resources, wilderness values, roadless areas, Wilderness Study Areas and designated Wilderness.  WWP has

administratively engaged with numerous RMPs impacted by William Perry

Pendley's unlawful influence, including but not limited to the RMPs referenced in

the Court's September 25 Order.

**WildEarth Guardians** ("Guardians") is a non-profit conservation

organization dedicated to protecting and restoring the wildlife, wild places, wild

rivers, and health of the American West. With more than 188,000 members and

supporters, Guardians has offices in Colorado, Montana, New Mexico, Arizona,

Washington, Idaho, and Oregon. To safeguard federal public lands in the West

from the ravages of fossil fuel development, hard rock mining, and grazing,

Guardians has actively engaged in commenting on, protesting, and litigating the

Bureau of Land Management's Resource Management Plans for activities on

public lands in Arizona, Colorado, Idaho, Montana, Utah, and Wyoming. The

organization and its members have an interest in ensuring that management of

public lands takes into account concerns such as climate change, water and air

quality impacts, wildlife and wildlife habitat impacts, and cumulative impacts to

the landscape from activities on public lands.

### Reasons for, Relevance of, and Distinction of Conservation Groups' Amici Curiae Brief

Conservation Groups seek to file an amici curiae brief for the limited

purpose of providing the Court with a list of actions taken by William Perry

Pendley in his unlawful capacity as Acting BLM Director in which Conservation

Groups engaged administratively. As the Court recognized, BLM's regulations "require the BLM Director alone to consider and resolve recommendations and protests on RMPs." Dkt. 25 at 27 (citing 43 C.F.R. §§ 1610.3-2(e), 1610.5-2(a)(3)). Absent a lawfully appointed BLM Director, "[o]nly the Secretary of the Interior can perform functions or duties of the BLM Director." *Id*. at 32. Because Secretary Bernhardt did not perform the functions and duties of the BLM Director and, instead, unlawfully delegated those decisions to Pendley, "any 'function or duty' of the BLM Director that has been performed by Pendley would have no force and effect and must be set aside as arbitrary and capricious." *Id*. at 33 (citing 5 U.S.C. §§ 3348(d), 706(2)(A)).

Should the Court grant this Motion, Conservation Groups' amicus curiae brief will enumerate specific resource management planning decisions that are implicated by the Court's Order. This list of actions will demonstrate the scope of Pendley's exercise of his unlawfully delegated authority as Acting BLM Director. Our position is distinct from Plaintiffs' position, is in direct opposition to Defendants' position, and, therefore, is not adequately represented by any party. Plaintiffs' brief focuses on projects in the State of Montana. By contrast, Conservation Groups have a broader interest in RMP decisions beyond the State of Montana.

For these reasons, Conservation Groups respectfully request that the Court grant their motion to file an amicus curiae brief.

Respectfully submitted this 5th day of October, 2020.

/s/ Melissa Hornbein
Melissa Hornbein
Shiloh S. Hernandez
Western Environmental Law Center
103 Reeder's Alley
Helena, Montana 59601
(406) 204-4861
hernandez@westernlaw.org
hornbein@westernlaw.org

*Attorneys for Proposed Amici Curiae*

**CERTIFICATE OF SERVICE**

I certify that on this 5th day of October 2020, I electronically filed the foregoing motion using the CM/ECF system, which I understand to have caused service of the counsel for all parties.

*/s/ Melissa Hornbein*