# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| STEVE BULLOCK, in his official capacity as Governor of Montana; *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>BUREAU OF LAND MANAGEMENT; *et al.*,<br><br>Defendants. | Case No. 4:20-cv-00062-BMM<br><br>**DECLARATION OF MICHAEL D. NEDD** |

I, Michael D. Nedd, declare as follows:

1.     I am currently the Bureau of Land Management (BLM) Deputy Director for Operations and have been in this role since March 2019.   As Deputy Director for Operations, I am responsible for overseeing the BLM's daily activities and initiatives for over 9,000 employees.   Previously, I was the Assistant Director for Energy, Minerals, and Realty Management within the BLM.   In this capacity, I led the agency's programs related to fluid and solid minerals, renewable energy, and lands and realty from July 2007 to March 2017.   While serving as the Assistant Director, I also was temporarily delegated the delegable duties, functions, and authorities of the BLM

1

Director from March 2017 to November 2017, designated as the Acting Deputy Director for Operations from January 2009 to August 2009 and November 2017 to August 2018, and designated the Acting State Director for BLM – Montana/Dakotas from May 2010 to November 2010.  For the five years prior to assuming the Assistant Director position, I was the State Director for the Eastern States within BLM.  All told, I have served within the BLM for more than 29 years.  I make this declaration based on information known personally by me and information provided to me by personnel in the BLM and the Department of the Interior (Department) in the course of their official duties.

2. I understand that the Court's September 25, 2020 order directs the parties to submit briefing on "what acts of Pendley [. . .] should be set aside under 5 U.S.C. § 3348(d)(1) and 5 U.S.C. § 706(2)(A)."  I have been asked to assist in reviewing what acts may be encompassed by the Court's order.

3. I understand that an "action" for purposes of section 3348 of the Federal Vacancies Reform Act (FVRA) refers "to the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act."  I furthermore understand that the term "function or duty" under section 3348 of the FVRA does not mean every duty of a position, but rather only applies to an action which is "established by statute; and is required by statute to be performed by the applicable officer (and only that officer);" or is "established by regulation; and is

required by such regulation to be performed by the applicable officer (and only that officer)."

4. The limitation of "(and only that officer)" is significant given that the Department and its Bureaus operate under a series of delegations made by the Secretary of the Interior pursuant to his authority under Reorganization Plan No. 3 of 1950 (Reorg. 3), which provides the Secretary the authority to delegate the performance of the Department's functions: "[t]he Secretary of the Interior may from time to time make **such provisions** as he shall deem appropriate authorizing the performance by any other officer, or by any agency or employee, of the Department of the Interior of any function of the Secretary, including any function transferred to the Secretary by the provisions of this reorganization plan."[1]

5. The system of Secretarial delegations authorized by Reorg. 3 for the Department is set forth in the Departmental Manual (DM), which directs in 200 DM 2 that "[a]uthority should be delegated to the lowest levels in the organization to better address issues and strengthen communications." While Department level delegations are contained in the DM, 200 DM 2.2 provides that "[r]edelegations of authority within a bureau or office will be issued as part of the bureau or office directives system."

---

[1] 5 U.S.C. App. § 1(a). Reorganization Plan No. 3 of 1950, 64 Stat. 1262. In 1984, Congress stated that it "ratifies and affirms as law" each Reorganization Plan across the Government, which includes Reorg. 3, so that Reorg. 3 has the force and effect of law. Pub. L. No. 98-532, 98 Stat. 2705 (1984).

6. Consistent with this established system and presumption of delegation, the BLM has issued Manual Section 1203 "Delegation of Authority" (MS-1203), a copy of which is attached to the concurrently-filed declaration of Brian Saint George. The current version of MS-1203 has been in effect since 2016. MS-1203 prescribes the delegations made throughout the BLM, including those delegable duties that can be performed by the Deputy Director, Policy and Programs.

7. Together with other BLM officials I have surveyed current statutes and regulations to determine which explicitly identify the BLM Director and to determine whether any of them contain language that expressly limits the performance of the associated duty such that it may only be performed by the BLM Director and may not be delegated to another official within the BLM.

8. Our review determined that certain statutes and regulations contain explicit references to the BLM Director, such as by stating that the "Secretary, acting through the Director of the Bureau of Land Management[.]" However, we have identified no statute or regulation that requires that the Director—and *only* the Director—perform the actions authorized by or associated with such statute or regulation. A compilation of the statutes and regulations we reviewed is attached as Exhibit A.

9. Our review also identified Section 204 of the Federal Land Policy Management Act (FLPMA), which provides that "[t]he Secretary may delegate this

4

withdrawal authority only to individuals in the Office of the Secretary who have been appointed by the President, by and with the advice and consent of the Senate." In section 204, Congress clearly has created an exclusive, non-delegable function or duty for Senate-confirmed members of the Office of the Secretary. Although FLPMA responsibilities have generally been delegated to the BLM Director, this section prohibits the Director from acting on withdrawals at all, given that the BLM Director is not a member of the Office of the Secretary, and the BLM Director's delegations at 235 DM 1 accordingly excludes withdrawal. BLM's review of Mr. Pendley's decisions confirm that he took no actions under Section 204 of FLPMA.

10. For these reasons, I am not able to identify any "acts of Pendley" that qualify as an "action" in any "function or duty" of the BLM Director that must be identified to the court.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

       Executed on October 5, 2020.

_____

Michael D. Nedd
Deputy Director for Operations
Bureau of Land Management
Department of the Interior