# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| STEVE BULLOCK, in his official capacity as Governor of Montana; *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>BUREAU OF LAND MANAGEMENT; *et al.*,<br><br>Defendants. | Case No. 4:20-cv-00062-BMM<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE** |

JEFFREY B. CLARK
Acting Assistant Attorney General
CHRISTOPHER R. HALL
Assistant Branch Director
Federal Programs Branch
M. ANDREW ZEE
CHRISTOPHER D. DODGE
Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
450 Golden Gate Avenue
San Francisco, CA 94102
Phone: (415) 436-6646
E-mail: m.andrew.zee@usdoj.gov

KURT G. ALME
United States Attorney
MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 2nd Avenue North, Suite 3200
Billings, MT 59101


Of Counsel:
HUBBEL R. RELAT
Deputy Solicitor - General Law
Department of the Interior

Defendants respectfully oppose the Conservation Groups'[1] Motion for Leave to File Brief as Amici Curiae, ECF No. 27 ("Mot.").

Although the Government ordinarily consents to appropriate participation by proposed amici, the unusual nature of the Groups' request here warrants different treatment. The Motion on its face makes plain that the Groups, as proposed amici, wish to inject into this case BLM actions that no party seeks to address. Mot. 7 (Groups asserting their "broader interests" from those of Plaintiffs). Courts have made clear, however, that "an amicus may not introduce an issue into a case or seek relief that is not raised or requested by the parties." *United States v. Bd. of Cty. Commissioners of the Cty. of Otero*, 184 F. Supp. 3d 1097, 1117 (D.N.M. 2015), *aff'd* 843 F.3d 1208 (10th Cir. 2016); *cf. GST Tuscon Lightwave, Inc. v. City of Tuscon*, 134 F.3d 377, 1998 WL 42251 at *3 n.1 (9th Cir. 1998) ("[A]n amicus curiae is not a party to the litigation, and we are not bound to provide relief to the amicus apart from the relief appropriate to the actual parties." (citation omitted)). Indeed, "[t]he named parties should always remain in control, with the amicus merely responding to the issues presented by the parties. An amicus cannot initiate, create, extend, or enlarge issues." *United States v. Alkaabi*, 223 F. Supp. 2d 583, 593 (D.N.J. 2002). Yet by their own admission, the Groups would do just that and enlarge the issues in this case by seeking, in their nominal "friends of the court" role, invalidation of a "range of . . . projects" not just in the State of Montana, but "throughout the West and beyond." Mot. 3.

---

1 The Groups are Center for Biological Diversity, Western Environmental Law Center, Western Watersheds Project, and WildEarth Guardians.

1

As Defendants made plain in their Brief in Response to Court's Order, such an effort would lead the Court beyond the limits of its Article III remedial authority. Defs.' Supp. Br. at 13-18, ECF No. 28. As the Groups concede, they intend to bypass those constitutional limitations and urge this Court, unbidden by any actual party to the litigation, to invalidate an array of BLM "projects" in Alaska, Arizona, California, Colorado, Utah, and Wyoming, to name just a few. Mot. 3; *id.* at 7 (Groups citing an alleged "broader interest in RMP decisions beyond the State of Montana"). The Groups readily admit that a "list of actions" they wish to provide is one identifying BLM "projects" in which they, not Plaintiffs, allegedly "engaged" with the agency. Mot. 7. Permitting their participation as amici merely because the Groups deem themselves able to identify BLM actions that they think are "implicated" by the Court's Order, Mot. 7, would directly contravene established limits on Article III jurisdiction. *Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("The remedy must of course be limited to the inadequacy that produced the injury in fact that *the plaintiff* has established." (citation omitted; emphasis added)). The Groups' request wholly ignores the "fundamental restriction on [the court's] authority" that "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Hollingsworth v. Perry*, 570 U.S. 693, 708 (2013) (citation omitted). The Groups' effort to enter this case as amici circumvents the rule that a party seeking relief must (1) actually be a party; and (2) adequately plead whatever allegations that party believes entitle it to relief.

The Groups' Motion is effectively an invitation for this Court to entertain remedies that would run roughshod over the injury-in-fact requirement of Article III.

As the Supreme Court has observed, that requirement "would hardly serve [its] purpose . . . if once a plaintiff demonstrated harm from one particular inadequacy in government administration, the court were authorized to remedy all inadequacies in the administration." *Lewis*, 518 U.S. at 357. Yet that is what the Groups plainly seek to do. Mot. 6-7. The Court should not be led down the jurisdictionally perilous path of roving judicial invalidation, unbidden by any party to the case. *See* Defs.' Supp. Br. at 13-18; *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020).

In addition, the Groups' request tacitly acknowledges the procedural impropriety of their proposed participation. They rightly admit that the Court specifically directed "the Parties" to submit supplemental briefing on any "acts of Pendley" which should be set aside, but then state they they—non-parties—wish to participate in that carefully prescribed process. Mot. 2 (citing Order, ECF No. 25).[2] Such involvement goes well beyond what the Ninth Circuit has recognized is the "classic role of amicus curiae": "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). Should the Groups clarify or modify their proposed participation such that it fits within these accepted and appropriate contours for amicus participation, Defendants' position on such a request could be different.

---

[2] Even under their flawed understanding that they—non-parties—"timely" filed their Motion, Mot. 2, the Groups nonetheless waited until September 25, 2020, the last possible day to contact counsel for the parties about their intended request to the Court.

3

For these reasons, Defendants respectfully request that the Court deny the Motion.

DATED this 7th day of October, 2020.

>JEFFREY B. CLARK
>Acting Assistant Attorney General
>
>KURT G. ALME
>United States Attorney
>
>MARK STEGER SMITH
>Assistant U.S. Attorney
>
>CHRISTOPHER R. HALL
>Assistant Branch Director
>Federal Programs Branch
>
>*/s/ M. Andrew Zee*
>M. ANDREW ZEE (CA Bar No. 272510)
>CHRISTOPHER D. DODGE
>Attorneys
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>450 Golden Gate Avenue
>San Francisco, CA 94102
>Phone: (415) 436-6646
>E-mail: m.andrew.zee@usdoj.gov
>
>*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October, 2020, a copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief contains 908 words, excluding the caption, certificate of compliance, and certificate of service.

*/s/ M. Andrew Zee*
M. ANDREW ZEE
